P. L. Wheeler, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 69028.   Promulgated July 10, 1935.

*Andrew T. Smith, Esq., Virgil Y. Moore, Esq., Robt. H. Lucas,
Esq.,* and *N. L. McLaren, C. P. A.,* for the petitioner.

*Willis R. Lansford, Esq.,* and *Edward M. Woolf, Esq.,* for the
respondent.

918

### OPINION.

SEAWELL: The instant case and the case of *Christian W. Von Gunten*, 28 B. T. A. 702; affd., 76 Fed. (2d) 670 (6th Cir.), are so much alike that, in our opinion, the same principles of law are applicable to the issues in each. In the *Von Gunten* case, pursuant to reorganization, some of the shares of one company were exchanged for all the shares of another company, while in the instant case the shares of two companies were exchanged for shares of another company, the exchange, as agreed by the parties and herein so determined by the respondent, constituting a nontaxable transaction as was the exchange in the *Von Gunten* case.

In the instant case, as in the *Von Gunten* case, all the shares of stock sold were acquired on the same date, through nontaxable exchanges of stock for stock. In each case the petitioner sold shares of stock of one company for which other stock had been exchanged. In the instant case the petitioner simply sold on different dates a part of the shares acquired on the date when he exchanged stock of two companies for stock of the company he sold.

In the *Von Gunten* case the court held that, for the purpose of computing gain from the sale of shares sold, the cost of the old shares should be allocated equally to all the new shares and the Commissioner erred in treating the shares sold as taking the basis of the earliest acquired stock which was exchanged or surrendered in the reorganization. The reasoning of the opinion in said case, we held, applied with equal force in *Olive Hume Oliver*, 30 B. T. A. 1381, and in *Alvan T. Fuller*, 31 B. T. A. 154. To the same effect, see *Helvering* v. *Stifel*, 75 Fed. (2d) 583 (4th Cir.)

In view of the similarity of the facts and issues in the four cases mentioned to those in the instant case, we do not deem it necessary to enter into a discussion of the issues herein which were therein so fully discussed and the reasoning of which, in our opinion, is applicable and controlling in the instant case.

In the instant case shares of stock of Bancitaly and of Bank of Italy were exchanged for certain trust certificates, which were later exchanged for shares of stock of the Transamerica Corporation, some of which latter stock was sold. There is no dispute as to the number of shares of Transamerica sold and none as to the price paid for them. The only dispute is as to the cost basis to be used in determining the profit. The stipulation of the parties shows that the respondent based his deficiency on the difference between the sale price of $82,284.82 and cost of the earliest acquired stock of Bancitaly Corporation, $25,286.59, and has computed a profit of $56,998.23 taxable as capital net gain.

In our opinion and we so hold, the determination of the respondent as above indicated is not in accord with the principles enunciated and applied in the cases we have cited as controlling in the instant case, and therefore his determination is not approved. The stipulation of the parties contains the data requisite for computing the basis and the deficiency in accordance with the decisions cited and controlling herein.

*Decision will be entered under Rule 50.*